ORIGINAL

DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 2 3 2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      - v. -

AMILCAR ALEXANDER ARDON SORIANO,

             Defendant.

- - - - - - - - - - - - - - - - - - - - - X

: **INDICTMENT**
:
:
: **19 CRIM 045**
:
:
:

## COUNT ONE
### (Cocaine Importation Conspiracy)

The Grand Jury charges:

### OVERVIEW

1.  From at least in or about 2004, up to and including in or about 2016, multiple drug-trafficking organizations in Honduras and elsewhere worked together, and with support from certain prominent public and private individuals, including Honduran politicians and law enforcement officials, to receive multi-ton loads of cocaine sent to Honduras from, among other places, Colombia via air and maritime routes, and to transport the drugs westward in Honduras toward the border with Guatemala and eventually to the United States.

2.  For protection from official interference, and in order to facilitate the safe passage through Honduras of multi-ton loads of cocaine, drug traffickers paid bribes to public

**JUDGE ENGELMAYER**

officials, including certain members of the National Congress of Honduras and Honduran National Police.

3.      AMILCAR ALEXANDER ARDON SORIANO, the defendant, is the former mayor of El Paraíso, Copán, Honduras, and a large-scale drug trafficker who worked with other drug traffickers in, among other places, Colombia, Honduras, Guatemala, and Mexico, to import cocaine into the United States.

4.      From at least in or about 2000, up to and including in or about 2015, AMILCAR ALEXANDER ARDON SORIANO, the defendant, was involved in processing, receiving, transporting, and distributing large loads of cocaine that arrived in Honduras via planes and go-fast vessels.  In Honduras, ARDON SORIANO had access to at least one cocaine laboratory as well as a clandestine airstrip that was used to receive cocaine-laden aircraft dispatched from South America.   ARDON SORIANO and others participated in providing heavily armed security for cocaine shipments transported within Honduras, including by members of the Honduran National Police and drug traffickers armed with, among other weapons, machineguns.  ARDON SORIANO also leveraged his power in El Paraíso by charging a per-kilogram tax on cocaine transported by other traffickers through the area that he controlled.

5.      Between at least in or about 2000, up to and including in or about 2015, AMILCAR ALEXANDER ARDON SORIANO, the

defendant, earned millions of dollars from the distribution and sale of the cocaine that he worked with others to import into the United States.  ARDON SORIANO used some of the drug proceeds to fund political campaigns in Honduras for himself and one or more of his associates.

### STATUTORY ALLEGATIONS

6.    From at least in or about 2000, up to and including in or about 2015, in Honduras and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state or district of the United States, AMILCAR ALEXANDER ARDON SORIANO, the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

7.    It was a part and an object of the conspiracy that AMILCAR ALEXANDER ARDON SORIANO, the defendant, and others known and unknown, would and did knowingly and intentionally import into the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

8.    It was further a part and an object of the conspiracy that AMILCAR ALEXANDER ARDON SORIANO, the defendant,

and others known and unknown, would and did manufacture, distribute, and possess with intent to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

9.   It was further a part and an object of the conspiracy that AMILCAR ALEXANDER ARDON SORIANO, the defendant, and others known and unknown, would and did, on board an aircraft registered in the United States, manufacture, distribute, and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 959(c) and 960(a)(3).

10.   The controlled substance that AMILCAR ALEXANDER ARDON SORIANO, the defendant, conspired to (i) import into the United States and into the customs territory of the United States from a place outside thereof, (ii) manufacture and distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States from a place outside thereof, and (iii) manufacture, distribute, and possess on board an aircraft registered in the

4

United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B).

(Title 21, United States Code, Section 963; and
Title 18, United States Code, Section 3238.)

## COUNT TWO
### (Possession of Machineguns and Destructive Devices)

The Grand Jury further charges:

11. Paragraphs 1 through 5 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

12. From at least in or about 2000, up to and including in or about 2015, in Honduras and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state or district of the United States and for which one of two or more joint offenders has been first brought to and arrested in the Southern District of New York, AMILCAR ALEXANDER ARDON SORIANO, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the narcotics importation conspiracy charged in Count One of this Indictment, knowingly used and carried firearms, and, in furtherance of such crime, knowingly possessed firearms, and aided and abetted the use, carrying, and possession of firearms, to wit,

machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices.

(Title 18, United States Code,
Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

## COUNT THREE
### (Conspiracy to Possess Machineguns and Destructive Devices)

The Grand Jury further charges:

13.    Paragraphs 1 through 5 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

14.    From at least in or about 2000, up to and including in or about 2015, in Honduras and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state or district of the United States, AMILCAR ALEXANDER ARDON SORIANO, the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, intentionally and knowingly combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

15.    It was a part and an object of the conspiracy that AMILCAR ALEXANDER ARDON SORIANO, the defendant, and others known and unknown, would and did, during and in relation to a drug

6

trafficking crime for which they may be prosecuted in a court of the United States, to wit, the narcotics importation conspiracy charged in Count One of this Indictment, knowingly use and carry firearms, and, in furtherance of such drug trafficking crime, knowingly possess firearms, including machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

## FORFEITURE ALLEGATION
### (As to Count One)

16.   As a result of committing the controlled substance offense charged in Count One of this Indictment, AMILCAR ALEXANDER ARDON SORIANO, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offense, and any and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offense charged in Count One of this Indictment.

## FORFEITURE ALLEGATION
(As to Counts Two and Three)

17.   As a result of committing the firearms offenses charged in Counts Two and Three of this Indictment, AMILCAR ALEXANDER ARDON SORIANO, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in and used in the commission of the offenses charged in Counts Two and Three of this Indictment.

## Substitute Assets Provision

18. If any of the above-described forfeitable property, as a result of any act or omission of AMILCAR ALEXANDER ARDON SORIANO, the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third person;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 & 970; and Title 28, United States Code, Section 2461(c).)

_____
FOREPERSON

_____
GEOFFREY S. BERMAN
United States Attorney

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

AMILCAR ALEXANDER ARDON SORIANO,

Defendant.

INDICTMENT

(21 U.S.C. § 963; and
18 U.S.C. §§ 924, 3238, 2.)

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

Foreperson.

- TRUE BILL, ARREST WARRANT, INDICTMC
- MAG. ROBERT W. LEHRBURGER
- 1-23-19
- Wheeled to DJ. ENGELMAYER